**Albert J. BLAKE, Plaintiff,**

v.

**Louis M. BERMAN, et al., Defendants.**

**Civ. A. No. 82–3631–C.**

United States District Court,
D. Massachusetts.

Jan. 16, 1986.

Albert J. Blake, pro se.

Robert Canty, Gaston Snow & Ely Bartlett, Boston, Mass., for plaintiff.

William D. Luzier, Jr., Asst. Atty. Gen., Boston, Mass., for defendants Michael Fair and Berman.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought pursuant to 42 U.S.C. §§ 1983 and 1985 by the plaintiff, Albert J. Blake, a Massachusetts state prisoner, against Louis M. Berman and Michael V. Fair, the former and present commissioners of the Massachusetts Department of Correction. The plaintiff alleges that his constitutional right of access to the courts was violated during the time he was incarcerated in the federal penitentiary system as a state contract prisoner. The matter is before the Court on the plaintiff's motion for summary judgment on the issue of liability and the defendants' motion for partial summary judgment pursuant to Fed.R.Civ.P. 56.

To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. *E.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The evidence must be viewed in the light most favorable to the opposing party. *Id.* The parties in this case have submitted a statement of agreed facts.

In March of 1976, plaintiff was sentenced to serve a term of years in the Massachusetts Correctional Institution at Walpole. He was transferred to federal custody in September of 1980, and subsequently became a state contract prisoner in the United States Penitentiary at Leavenworth, Kansas ("Leavenworth"). While at Leavenworth, the plaintiff requested Massachusetts law books from the prisoners' law library, and was informed that there were none. He was told that the Massachusetts Department of Correction was responsible for providing him access to the courts. The plaintiff then wrote a series of five letters to the defendants Berman and Fair requesting Massachusetts law books. He finally received an answer from defendant Fair which denied his request and suggested that the plaintiff maintain access to the courts through the Massachusetts Correctional Legal Services, the Kansas University Defender Program, or the Leavenworth County Library System. The plaintiff's subsequent requests for Massachusetts law books from the first two of these resources and from others suggested by the Massachusetts Department of Correction in *Corgain v. Miller*, 708 F.2d 1241, 1248 n. 8

(7th Cir.1983) were unsuccessful. During the time he was at Leavenworth, the plaintiff had several cases pending in the United States District Court for the District of Massachusetts and one in the Massachusetts state court. In addition, the plaintiff had declared his intention to file a petition for post conviction relief. The plaintiff was returned to the Massachusetts state correctional system on December 17, 1982.

■ It is established law that prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Prison authorities must provide inmates with "adequate, effective, and meaningful" access to the courts by providing prisoners either with law libraries or with assistance in the preparation and filing of meaningful legal papers from persons trained in the law. *Id.* at 822, 828, 97 S.Ct. at 1495, 1498. Adequate law libraries are only one acceptable means of fulfilling this constitutional mandate. *Id.* at 830, 97 S.Ct. at 1499. Other alternative means may suffice. *Id.* at 831, 97 S.Ct. at 1500. Each plan for access to the courts must be evaluated as a whole to determine if it complies with constitutional standards. *Id.* at 832, 97 S.Ct. at 1499.

■ When a legal access is challenged, the government has the burden of proving that the inmate has been provided with adequate law libraries or legal assistance. *Rich v. Zitnay,* 644 F.2d 41, 43 (1st Cir. 1981). State corrections officials retain responsibility for providing research and legal assistance to state prisoners transferred to federal custody. *Id.* at 43.

■ There is no question that the law library at Leavenworth, which did not contain Massachusetts law books, did not by itself provide state prisoners with sufficient access to the Massachusetts state courts. *See Corgain v. Miller,* 708 F.2d at 1250. Although the plaintiff in this case clearly sought law books rather than legal assistance, corrections officials can fulfill their constitutional responsibility by providing legal assistance only. *E.g., United*

*States v. Wilson,* 690 F.2d 1267, 1272 (9th Cir.1982) *cert. denied,* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983). There is no duty to provide prisoners with state law libraries if they choose not to avail themselves of adequate alternative services. *Corgain v. Miller,* 708 F.2d at 1250. The issue before the Court, therefore, is whether the defendants provided the plaintiff with adequate legal assistance while he was incarcerated in Leavenworth from December 16, 1980, to December 17, 1982.

The defendants rely primarily on the existence of the Kansas Defender Project ("the Project") to support their contention that the plaintiff had access to legal assistance. The record shows that the Project is a clinic program run by the University of Kansas School of Law. The purpose of the project is to enable students to gain experience by providing legal assistance to prisoners incarcerated in Leavenworth and local state institutions. Upon receipt of a completed formal application from a prisoner, the Project staff reviews the material to determine whether or not the inmate has a legally remediable claim. If he does, then the staff prepares documents for the prisoner and attempts to get counsel appointed to the case. Requests involving money damages are not usually handled. When the Project receives a completed application, an inmate is placed on a waiting list, unless it is an emergency situation, and an effort is made to at least interview each inmate. There can be a substantial delay before an inmate receives a visit from a staff member. On October 1, 1981, for example, thirty-two inmates were on the waiting list.

■ I rule that the existence of the Kansas Defender Project does not by itself provide adequate access to the courts for Massachusetts state prisoners in federal custody at Leavenworth. When prison officials choose to rely solely on trained legal assistance to fulfill the constitutional mandate detailed in *Bounds,* aid must be available in the preparation of the initial pleadings in habeas corpus and civil rights suits. *Nordgren v. Milliken,* 762 F.2d 851, 854–55

(10th Cir.1985). This means that those providing the legal assistance cannot interpose a screening process between the inmate and courts at that stage. *Id.* at 855. The record shows that such a screening process exists at the Project. In addition, there must be some assurance that all inmates requesting assistance receive it. The record does not show that such is the case with the Project. Although the Project apparently provides what legal help it can to inmates at Leavenworth, its resources are necessarily limited by the nature of its purpose and program. The Project does not have a contract with the Massachusetts Department of Correction to provide legal assistance to Massachusetts state prisoners, and cannot be expected to do so in all instances. In this case, although the Project has no record of it, the plaintiff avers that he completed and returned an application to the Project, but never received an interview. According to the plaintiff, at that time he was in the process of initiating a post conviction appeal of his sentence and also civil litigation concerning the award of "earned good time" for inmates under a Massachusetts state statute.

Following defendant Fair's suggestion, the plaintiff also contacted Massachusetts Correctional Legal Services and requested Massachusetts law books. Although the plaintiff did not request legal assistance, there is nothing before the Court to indicate that this organization supplies legal help to prisoners housed outside of Massachusetts. In fact, the organization specifically told the plaintiff that the Massachusetts Department of Correction was responsible for providing him with access to the courts. The defendants have not asserted that the third resource recommended by defendant Fair, the Leavenworth County Library System, provides adequate access to the Massachusetts courts

and therefore, for the purposes of this motion, I assume it does not.

I note that the plaintiff also contacted the legal resources recommended in an affidavit submitted by the General Counsel to the Massachusetts Department of Correction in another federal case involving Massachusetts state prisoners transferred to federal custody, *Corgain v. Miller,* 708 F.2d at 1241.[1] The finding by the Court of Appeals for the Seventh Circuit that this list of legal resources constituted a facially adequate plan to provide Massachusetts state prisoners in federal custody with access to the courts is not dispositive in this case. What is at issue here is the adequacy of access in fact.

From the responses received by the plaintiff, it is clear that when the list was compiled, no effort was made to ascertain whether or not the organizations cited were capable of assisting Massachusetts prisoners incarcerated out-of-state. For example, replies to the plaintiff's inquiries indicate that the Northeastern University Prisoners' Assistance Project and the Prisoner's Legal Assistance Clinic do not represent Massachusetts prisoners who have been transferred into the federal system. Moreover, the supervising attorney for the Prisoner's Legal Assistance Clinic, which is staffed by students at the Western New England College School of Law, stated that no one from the Massachusetts Department of Correction had ever contacted the clinic to determine if it could or would represent out-of-state prisoners.

■ I rule that the defendants have not sustained their burden of proving that they are entitled to a judgment in their favor as a matter of law. The defendants' motion for partial summary judgment should be denied.

1. The legal resources listed were the Massachusetts Correctional Legal Services, Massachusetts Defenders Committee, Harvard Prisoner Legal Assistance Project, Northeastern University Prisoners' Assistance Program, Prisoner Legal Assistance Clinic, United States District Court appointments, state court appointments, and County Programs: Deer Island Legal Services. *Corgain v. Miller,* 708 F.2d at 1248 n. 8. It is unclear how the plaintiff obtained this list since the case was decided in May of 1983 and the plaintiff apparently contacted the organizations in February of 1982.

Turning to the plaintiff's motion for summary judgment, I rule that it should also be denied. Although the record shows that the plaintiff could not obtain law books from any of the legal resources he contacted, it does not clearly show that the organizations could or would not provide him with legal assistance. Moreover, the plaintiff states that he was represented by counsel in the cases he had pending in the Massachusetts courts while he was incarcerated at Leavenworth. There is no indication that these counsel would not have provided the plaintiff with legal assistance in preparing the initial pleadings for the litigation he wished to commence if he had so requested.

Order accordingly.