**Marvin Clyde NEAL, Plaintiff,**

v.

**Roy HARGRAVE, et al., Defendants.**

**No. CV–N–89–795–ECR.**

United States District Court,
D. Nevada.

April 17, 1991.

Marvin C. Neal, Reno, Nev., for plaintiff.

Anne B. Cathcart, Deputy Atty. Gen., Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

On December 15, 1989, plaintiff filed a Civil Rights Complaint (document # 1) under 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment rights (due process and equal protection) and his Eighth Amendment rights (no cruel and unusual punishment). Plaintiff's claims arise out of an incorrect calculation of his good time work credits resulting in a sentence lasting approximately ten months too long. Plaintiff requested both declaratory relief and monetary damages. On March 1, 1990, defendants filed a motion to dismiss (document # 7).

On January 10, 1991, after considering defendants' motion and plaintiff's opposition, the Honorable Phyllis Halsey Atkins, United States Magistrate–Judge, filed a Report and Recommendation (document # 22) recommending that we grant defendants' motion as to the second count (due process and equal protection) and deny the motion as to the first count (cruel and unusual punishment). On January 25, 1991, plaintiff filed objections to the Report and Recommendation (document # 24). Defendants filed a response on February 28, 1991 (document # 26). Plaintiff filed a rebuttal to defendants' response (document # 27) on March 11, 1991. We granted defendants' motion to strike the rebuttal (see previous document), and now address the merits of defendants' motion to dismiss and the Magistrate–Judge's Report and Recommendation.

Plaintiff objects to the Magistrate–Judge's recommendation to dismiss his second claim (due process and equal protection). The Magistrate–Judge recommended dismissing the claim because plaintiff filed his complaint after the statute of limitations ran. The facts in the Report and Recommendation indicate that plaintiff allegedly was deprived good time work credits for the thirty months he was involved in the outside release program from 1977 to 1982. Thus, plaintiff's alleged constitutional violations occurred and ceased by 1982. Plaintiff filed his complaint on December 15, 1989, seven years later.

At pages 6–7 of the Report and Recommendation, the Magistrate–Judge excellently sets out the statute of limitations (based on Nevada law) in § 1983 claims. Clearly, a suit filed seven years after the alleged violation is untimely. It appears that plaintiff had three years at most in which to file the complaint if the alleged violation occurred and ceased by 1982. This means plaintiff would have had to file a complaint by 1985.

Our inquiry, however, does not end here. In his objections, at page 2, lines 15–20, plaintiff alleges that the constitutional violation did not occur until his rightful release date arrived. Plaintiff asserts that if the credits had been calculated accurately, he would have been released around August 21, 1988. Thus, plaintiff alleges, confinement after this date violated his constitutional rights.

We are faced with a difficult issue. If the alleged wrongful conduct supporting a § 1983 cause of action occurred when defendants denied plaintiff his credits, the statute of limitations began running in 1982. If, however, the alleged wrongful conduct supporting a § 1983 action occurred when plaintiff was confined beyond his correct release date, the statute of limitations did not begin running until at least 1988.

While defendants may have acted wrongfully in miscalculating the credits from 1977–1982, the alleged wrongful conduct did not necessarily cease then. If plaintiff's confinement after August 21, 1988, was unlawful, and if such unlawful confinement implicates the constitution, then wrongful conduct was occurring in 1988.

We must, however, distinguish between wrongful denial of benefits and wrongful confinement on the one hand, and between habeas corpus relief and damages under § 1983 on the other hand. In this case, plaintiff sought habeas corpus relief to remedy the wrongful confinement. Of course, no statute of limitations exists on habeas corpus claims. Thus, plaintiff's petition for writ of habeas corpus was timely, no matter when plaintiff filed it.

■ The Nevada court granted plaintiff habeas relief. This grant remedied plaintiff's wrongful confinement. Subsequently, in 1989, plaintiff filed a § 1983 suit to recover damages for incorrectly calculating his good time work credits, which resulted in plaintiff's extended confinement. The core of plaintiff's § 1983 claim is that the defendants denied him the credits to which he was entitled. This allegedly wrongful conduct ceased by 1982. Thus, at the latest, plaintiff should have filed by 1985. The habeas relief remedied plaintiff's wrongful confinement, and any § 1983 claim for damages necessarily arises from defendants' miscalculation of the credits.

■ Plaintiff argues that under *Young v. Kenny,* 907 F.2d 874 (9th Cir.1990), he could not file his § 1983 claim until he had first, exhausted his state remedies seeking habeas corpus relief, and second, exhausted his federal remedies seeking habeas relief. In this case, the state court granted plaintiff habeas relief. Thus, plaintiff did not have to seek habeas relief in federal court. Plaintiff asserts that he could not file his § 1983 suit until his petition for habeas corpus was ultimately decided. Thus, plaintiff argues, to have filed his § 1983 claim would have been futile.

We find plaintiff's claim unpersuasive. In *Young,* the Ninth Circuit did hold that a federal court could not hear a plaintiff's § 1983 claim until plaintiff had litigated the habeas corpus claim in all the necessary courts. *Id.* at 877, n. 3. The Court, however, added that if a prisoner seeks dam-

ages in relation to the incorrect calculation of work credits, the trial court should stay the damages claim while the prisoner pursues habeas relief in the state and federal courts. *Id.* at 877. To preserve his rights against a defense of the statute of limitations, a plaintiff in the situation of Mr. Neal must timely file his action for damages notwithstanding the fact that he will not be able to proceed with the action for damages until he has litigated the habeas corpus claim in all the necessary courts.

Had plaintiff timely filed his § 1983 claim, the trial court would not have decided the case for damages at that time. It would have stayed the § 1983 claim within the dictates of *Young.*

On a motion to dismiss, the movant will prevail only if plaintiff cannot prove any conceivable facts that would entitle him to relief. In this case, plaintiff's complaint indicates that in July, 1988 (at least three years after the statute ran), he requested a credit audit from the prison authorities. Upon receiving this audit, plaintiff actually learned of the deficiency.

■ Under the "discovery" rule, a statute of limitations does not begin to run until the plaintiff learns or should learn of facts under which relief may be granted. In this case, plaintiff did not learn the relevant facts until July, 1988. If he acted reasonably in not learning the facts until July, 1988, the statute did not begin running until July, 1990, at the earliest. If this is the case, plaintiff filed his complaint within the statute.

We have no idea whether plaintiff should have learned earlier that his credits were calculated incorrectly. For example, we do not know whether plaintiff should have requested a credit audit earlier. Since it is possible, however, that plaintiff did act reasonably in not finding the mistake until 1988, defendants are not entitled to dismissal on the grounds of the statute of limitations. The parties should keep in mind that we hold only that defendants are not entitled to a motion to dismiss. We do not address the propriety of granting a motion for summary judgment.

Both sides recommend that we adopt the Magistrate-Judge's recommendation to deny defendants' motion to dismiss the first count (cruel and unusual punishment). However, we see no basis for distinguishing between plaintiff's Eighth Amendment and his Fourteenth Amendment claims in relation to the statute of limitations. Just like on plaintiff's fourteenth amendment claims, the statute appears to have run on the basis for which plaintiff claims cruel and unusual punishment, namely, miscalculation of plaintiff's work credits. Plaintiff's entitlement to habeas relief is not enough to guarantee him § 1983 damages. Plaintiff, in effect, bases his cruel and unusual argument on a stale claim. Consequently, the statute of limitations appears to bar plaintiff's cruel and unusual punishment claim. However, like plaintiff's Fourteenth Amendment claims, if plaintiff can fall within the discovery rule, he will overcome the statute of limitations defense on his cruel and unusual punishment claim.

As the Magistrate-Judge noted, neither side raised the statute of limitations in their briefs. Defendants moved to dismiss on the grounds that suing under § 1983 was improper, and that plaintiff should have sought a writ of habeas corpus. Since the Magistrate-Judge made her recommendation on the basis of the statute of limitations, she did not consider defendants' argument. Consequently, we will consider their argument now.

In their motion to dismiss (document # 7), defendants assert that plaintiff must seek the relief he requests through a petition for writ of habeas corpus, and not under § 1983, since plaintiff seeks to reduce the length of his sentence.

Defendants note that plaintiff sought a writ of habeas corpus in Nevada trial court. Defendants state that the court denied the petition. The Magistrate-Judge's Report and Recommendation, however, indicates that the trial court granted the writ on October 9, 1989 (page 3, lines 13). Further, plaintiff appealed to the Nevada Supreme Court because the trial court, while granting plaintiff's petition, did not reinstate his work credits. The Supreme Court dis-

missed the appeal. Defendants realized this situation in their Supplemental Points and Authorities to Defendants' Motion to Dismiss (document # 17).

When the Nevada state court granted plaintiff's petition for habeas corpus, the only relief plaintiff could have received was release from custody. In this suit, however, plaintiff seeks declaratory relief and damages (complaint, document # 1, page 5). He does not seek release from custody.

As both parties argue, *Young v. Kenny*, 907 F.2d 874 (9th Cir.1990) is relevant to these facts. In *Young*, plaintiff, a state prisoner, claimed that the state failed to apply jail time credits to his sentence, in violation of his constitutional rights. He sued under 42 U.S.C. § 1983. Defendants asserted that plaintiff should have sought a writ of habeas corpus.

The Ninth Circuit noted that a plaintiff who challenges the fact or duration of confinement must petition for a writ of habeas corpus. In that situation, the plaintiff would have to exhaust state remedies before seeking the writ in federal court. Plaintiff would also have to go forward with all the necessary proceedings for habeas relief in the federal court before his § 1983 claim for damages based upon the same factual predicate would be permitted to proceed.

On the other hand, a plaintiff challenging the conditions of confinement could proceed under § 1983. In that situation, the plaintiff would not have to exhaust state remedies before suing in federal court.

In *Young*, plaintiff sought jail time credits, without specifically requesting a sentence reduction. The Court held:

> habeas must be the exclusive federal remedy not just when a state prisoner *requests* the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long.

*Id.* at 876. In *Young*, the Ninth Circuit found that plaintiff was seeking a reduction in his sentence only. If a plaintiff seeks only to shorten the length of his sentence, he must proceed by petitioning for a writ of habeas corpus.

In our case, plaintiff seeks monetary damages for the alleged violation of his constitutional rights. The Ninth Circuit in *Young* held that if a prisoner seeks damages in relation to the incorrect calculation of work credits, the trial court can stay the damages claim while the plaintiff pursues his writ of habeas corpus in the state court system. *Id.* at 877. When plaintiff seeks more than a shortening of his sentence, habeas relief is not the exclusive remedy, and the prisoner can go forward with the § 1983 claim after exhausting state and federal remedies on the habeas claim. *Id.* at 877, n. 3.

■ Plaintiff has exhausted his state remedies on his habeas claim. Since plaintiff had obtained habeas relief in state court, it was not necessary for him to seek habeas relief in federal court before his § 1983 action could go forward in federal court. Thus, his § 1983 claim seeking damages appears ripe. Plaintiff, however, would be limited to monetary damages in possible relief. Of course, to hold defendants liable for monetary damages, plaintiff will have to show that he may use the "discovery rule" discussed above. Further, plaintiff will have to show that his constitutional rights were violated and he suffered an injury.

In their Supplemental briefs, at the Magistrate–Judge's urging, the parties addressed whether a due process liberty interest exists for the plaintiff under the facts of this case. The Magistrate–Judge never addressed this issue, however, in light of her recommendation to dismiss the case under the statute of limitations. We address such issue now.

■ No due process liberty interest in credits exists unless state law creates such an interest. In *Cooper v. Sumner*, 672 F.Supp. 1361 (D.Nev.1987), we addressed the same issue, namely, whether Nevada has created a due process liberty interest in credits under Nevada Revised Statute § 209.433(1), § 209.433(3), or Nevada Department of Prisons Administrative Regu-

**558**

lation 714(III). We concluded that since these rules vested discretion in the officials, they created no due process liberty interest. *Id.* at 1367. Consequently, plaintiff has no due process liberty interest in his good time work credits even if he can overcome the statute of limitations.

 As previously noted, plaintiff also alleges an equal protection violation. In his complaint, plaintiff asserts that:

> For approximately 30 months, plaintiff worked in outside work release programs. For those 30 months, defendants allowed plaintiff only 10 days of work credits for each month he worked in programs outside the prison, while at the same time, defendants allowed other inmates 20 days of work credits for each month they worked in work programs outside the prison.

Since plaintiff is a pro se prisoner, we construe his complaint liberally. Plaintiff, in essence, alleges that defendants treated him differently from similarly situated prisoners. This goes to the heart of the equal protection clause. While the complaint does not indicate that plaintiff belongs to a protected class, he nonetheless may recover if he shows that defendants' actions were not rationally related to a legitimate state interest. Specifically, plaintiff would have to show that defendants acted intentionally or deliberately indifferent in awarding him fewer credits than to those similarly situated.

Thus, plaintiff states a claim for an equal protection violation. However, plaintiff faces the same statute of limitations problem on equal protection that he faces on his other claims. Consequently, for the reasons discussed above, while plaintiff survives defendants' motion to dismiss, whether plaintiff would survive a summary judgment motion remains to be seen.

IT IS, THEREFORE, HEREBY ORDERED that the Report and Recommendation of the Magistrate–Judge (document # 22) is adopted in part and rejected in part. Defendants' motion to dismiss (document # 7) is DENIED as to the first count (cruel and unusual punishment). Defendants' motion to dismiss (document # 7) as to the second count (equal protection) is DENIED. Defendants' motion to dismiss as to the second count (due process) is GRANTED.