O’Toole, J.
The parties are before the court on cross-motions for summary judgment.[1] The plaintiff, Mark D. MacDougall, seeks a declaration that his confinement in the Department Disciplinary Unit (D.D.U.) at MCI-Cedar Junction violates G.L.c. 127, §40 (1992 ed.) and deprives him of a constitutionally protected liberty interest. The defendant, the Commissioner of Correction, opposes MacDougall’s motion and seeks judgment dismissing the claims. For the following reasons, MacDougall’s motion is denied; the Commissioner’s motion is allowed.
BACKGROUND
Although the summary judgment record is sparse, the parties are in agreement on the following material facts.
MacDougall was confined to the D.D.U. nineteen months ago as punishment for several disciplinary violations. While confined in the D.D.U., MacDougall may not earn good time credits. His confinement in the D.D.U. has deprived him of the opportunity to earn 142 good time days.
D.D.U. inmates have five hours of exercise time each week during which they can communicate with other inmates. They may earn television, radio, telephone and visitation privileges. “Isolation” inmates, on the other hand, have no outside contact or stimulus except for a Bible or holy book.
DISCUSSION
MacDougall first complains that his confinement in the D.D.U. for nineteen months violates G.L.c. 127, §40 which limits to fifteen days the amount of time which an inmate may be confined in an isolation unit. If confinement in the D.D.U. amounted to isolation, then MacDougall would be correct. See Longval v. Commissioner of Correction, 404 Mass. 325, 328-29 (1989) (statutory provisions may not be side-stepped by assigning, as pretext, a different name to a departmental segregation unit).
Although 103 Code Mass. Regs. 430.00 et seq. (1992) do not provide a definition of isolation or set out the operating procedure for the D.D.U., it is clear that the two categories are not equivalent. Specifically, isolation inmates may never have a television, radio, outside contact or any book other than a Bible or holy book. Their term in isolation may not exceed 30 days. 103 Code Mass. Regs. 430.22 (1992). By contrast, D.D.U. inmates may earn television, radio and visitation privileges and may communicate with other inmates for five hours each week during exercise periods. A D.D.U. term may be as long as ten years. 103 Code Mass. Regs. 430.25(3)(d) (1992). Furthermore, isolation and D.D.U. confinement are listed as different major sanctions available in disciplinary hearings. 103 Code Mass. Regs. 430.25(3)(a), (d) (1992). Thus, it is clear that D.D.U. inmates are not subject to conditions which amount to isolation.
MacDougall further claims that, because he may not earn good time credits while in the D.D.U., he has been deprived of a liberty interest. O’Malley v. Sheriff of Worcester County, 415 Mass. 132, 135 (1993) (prisoners are entitled to Fourteenth Amendment due process protection).
Earned good time credits are discretionary. G.L.c. 127, §129D (1992 ed.) Even when an inmate has participated in a program or activity in which he may earn credits, it is up to Department of Correction personnel to rate his performance and recommend deductions. 103 Code Mass. Regs. 411.10(1) (1990). The superintendent retains the right to disapprove of recommended deductions, 103 Code Mass. Regs. 411.10(8) (1990), and the Commissioner retains the right to approve or disapprove of the superintendent’s *295 recommendation. 103 Code Mass. Regs. 411.10(9) (1990). Where prison rules vest discretion in prison officials there is no liberty interest in good time credits. Neal v. Hargrave, 770 F.Supp. 553, 557-58 (D.Nev. 1991).
Moreover, prisoners’ rights may be constitutionally restricted by rules which arise form valid penological interests such as security and order. Jackson v. Hogan, 388 Mass. 376, 379 (1983). The purpose of the rule governing the disciplinary procedure by which MacDougall lost his eligibility to earn good time credits is “to maintain order and to further the social reintegration of inmates.” 103 Code Mass. Regs. 430.01 (1992).
As MacDougall has no liberty interest in earning good time credits, no constitutional issue is raised by depriving him of the opportunity to do so.
ORDER
It is therefore ORDERED that the plaintiffs motion for summary judgment is DENIED; the defendant’s motion for summary judgment is ALLOWED.

 The plaintiff originally brought this action as a petition for a writ of habeas corpus. The petition was amended to frame the action as one for declaratory judgment.