76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jack Edward WALL, Plaintiff-Appellant,
v.
Bobby BOONE, Warden; David Walters, Governor; Susan B.
Loving, Attorney General; Oklahoma Board of Corrections;
Larry Fields, Director DOC; Michael D. Parsons, Associate
Director; Gayle Krien, Interstate Corrections and Compact
Coordinator of the State of Oklahoma; Pardon and Parole
Board; Darrell Altrom, Warden's Assistant; Ronnie
Thompson, Maintenance Superintendent; C.T. Hurd, Records
Officer; Anita Trammell; Charles Callicoat, Business
Manager; Jim Wallace, Unit Manager; Ervin Pool,
Casemanager; Kenneth Barton, Casemanager; Steve Snider,
FSS III; Defendants-Appellees,
and
Bruce King, Governor; Tom Udall, Attorney General, John
Doe, Unknown "John Doe," Records Officer of the Penitentiary
of New Mexico; John Doe, Unknown "John Doe," Records
Officer of the New Mexico Department of Corrections; John
Doe, Unknown "John Doe," Records Officer of the New Mexico
Department of Corrections; John Doe, Unknown "John Doe,"
Out-of-State Inmate Casemanager for the New Mexico
Department of Corrections; John Doe, Unknown "John Doe,"
Warden of the Penitentiary of New Mexico; John Doe, Unknown
"John Doe," Commissioner of the New Mexico Corrections
Department; Donald K. Hoover, Interstate Corrections
Coordinator; and New Mexico Adult Parole Board, Defendants-Appellees.
 No. 95-7089.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Wall, an inmate appearing pro se, appeals from the district court's dismissal of his civil rights action, 42 U.S.C.1983, against various named and unnamed New Mexico and Oklahoma officials. Mr. Wall seeks declaratory, injunctive and monetary relief based upon his 1980 transfer from New Mexico to Oklahoma, and also based upon his conditions of confinement. The district court granted the New Mexico Defendants' motion to dismiss for failure to state a claim, Fed.R.Civ.P. 12(b)(6), ordered a Martinez report, and then granted summary judgment, Fed.R.Civ.P. 56(c), in favor of the Oklahoma Defendants.
 
 
 2
 On appeal, Mr. Wall contends that the district court (1) improperly resolved factual disputes in dismissing the New Mexico Defendants, (2) erred in applying a statute of limitations to his transfer claim either because the injury is ongoing or the limitation period is subject to equitable tolling, (3) incorrectly dismissed all of the New Mexico Defendants, when only seven were identified in the motion to dismiss, (5) incorrectly dismissed his retaliation claim (Count VIII) alleging that he has been wrongly labeled an informant, (6) did not recognize that the Oklahoma prison grievance procedure is inadequate, because Plaintiff has a right to a prison job and a hearing prior to being fired, (7) required the prison to perform medical examinations to determine if any adverse environmental conditions existed and the prison did not do so, (8) relied upon a Martinez report in which some information was missing, and (9) should have allowed him an opportunity to amend the complaint. Aplt. Br. (Form A-12) at 2-3 & 2-B to 2-C & 3-A to 3-H. Mr. Wall further contends that he has been denied access to the courts because the Oklahoma prison will not furnish him the New Mexico law he requests.
 
 
 3
 We review the district court's decision on a motion to dismiss or a motion for summary judgment de novo. Dismissal of a complaint is proper only where, after taking all well-pleaded factual allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A nonmovant must respond to a motion for summary judgment with evidence, and the content or substance of that evidence must be admissible. Thomas v. IBM, 48 F.3d 478, 485 (10th Cir.1995); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). We view the evidence in a light most favorable to the nonmovant, but factual disputes about immaterial matters are irrelevant to a summary judgment determination. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 4
 We affirm the district court's judgment for substantially the reasons set forth in its order, I R. doc. 38, as supplemented by the following.
 
 
 5
 As the district court noted, id. at 5, Mr. Wall's claims based on his 1980 transfer from New Mexico would be barred by a three-year statute of limitations, Wilson v. Garcia, 471 U.S. 261, 280 (1985), and his claims arising in Oklahoma are subject to a two-year limitation period, Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir.1988). Mr. Wall claims that his transfer has resulted in a continuing violation not barred by the three-year period. We disagree. Mr. Wall plainly knew of his transfer in 1980 and cannot avoid the limitations period merely by claiming continuing adverse effects from the transfer. See Chardon v. Fernandez, 454 U.S. 6, 8 (1981); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.) ( 1983 claim accrues when plaintiff knows or has reason to know of injury), cert. denied, 115 S.Ct. 107 (1994). We likewise reject the notion that equitable tolling applies to Mr. Wall based upon his claims that he was denied access to legal materials. See Pike v. City of Mission, 731 F.2d 655, 658-59 (10th Cir.1984) (discussing equitable tolling). As a matter of law, the recent attempts to obtain legal material do not demonstrate either his diligence vis-a-vis his 1980 claims, nor do they show barriers to access created by Defendants.
 
 
 6
 Mr. Wall's claims concerning the fact of transfer from New Mexico to Oklahoma also are barred by Olim v. Wakinekona, 461 U.S. 238, 251 (1983) (interstate transfer of inmate does not implicate Due Process Clause); see also Cooper v. Sumner, 672 F.Supp. 1361, 1365 (D.Nev.1987). As for Mr. Wall's retaliation claim, Count VIII, we have reviewed the allegations contained in the complaint and his response to the Oklahoma Defendants' motion for summary judgment. The complaint fails to link the exercise of particular constitutional right with adverse action, see, e.g., Smith v. Maschner, 899 F.2d 940, 948 (10th Cir.1990); moreover, the inadmissible hearsay marshaled in support of the claim is insufficient to withstand summary judgment. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541-42 (10th Cir.1995).
 
 
 7
 In Count II, Mr. Wall contends that he is being denied access to the courts to attack his conviction by not being afforded a complete set of New Mexico statutes. In his response to the motion for summary judgment, he attached a letter from the New Mexico Interstate Compact Coordinator sending him the compact, declining to send him copies of various New Mexico prison regulations (which do not apply to him in Oklahoma), and inviting him to write for specific New Mexico statutes. I R. doc. 35, ex. A-3. While Mr. Wall has a right to some New Mexico materials that might be used in a collateral attack, plainly the request for the entire set of statutes or the entire index is overly broad. See Petrick v. Maynard, 11 F.3d 991, 995-96 (10th Cir.1993).
 
 
 8
 Finally, we affirm the district court's grant of summary judgment on Mr. Wall's claims concerning environmental conditions at the prison based on his failure to show that prison officials knew of a substantial risk of serious harm and disregarded it. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 9
 We have considered all remaining points made by Mr. Wall on appeal and find them to be without merit.
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument