R. PAUL SORENSON, Petitioner, v. JOSEPH S. PAVLI-
KOWSKI, Judge of Department III, In the Eighth
Judicial District Court of the State of Nevada, In
and For the County of Clark, Respondent.

No. 10240

July 12, 1978                                           581 P.2d 851

*Patrick R. Doyle,* Las Vegas, for Petitioner.

*Thorndal & Liles, Ltd.,* and *Leland Eugene Backus,* Las
Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

This is a suit for professional malpractice. The petitioner was the attorney in an uncontested divorce action in which the parties had previously agreed to the terms of a settlement. One term of the agreement was that the husband, Thomas N. Griswold, the unnamed real party in interest in the instant matter, was to pay $3,600 in alimony over the course of one year.

Petitioner attorney, however, failed to incorporate the time limitation in either the divorce complaint, hearing, or decree

and further failed to insert language permitting the court to retain jurisdiction to modify the alimony provision. Several days after he received a copy of the divorce decree Griswold brought to petitioner's attention the error regarding the time limitation. Petitioner stated he would correct the oversight but never did.

Griswold paid the $3,600 alimony for one year pursuant to the agreement. He made no further payments and his former wife demanded none. On approximately June 1, 1973, Griswold attempted to purchase a home, and following a routine credit check he was informed that by the terms of the divorce decree he was liable for payments of $300 per month indefinitely. Griswold immediately contacted petitioner Sorenson concerning the failure to correct the divorce decree. Thereafter, Sorenson, without notice to Griswold's former wife, moved to obtain an amended divorce decree which was entered on June 27, 1973. In October of 1974, upon being informed of the amendment, Griswold's former wife successfully moved to set aside the amended decree, the district court holding that the court had no jurisdiction to modify the alimony provision of the divorce decree. Judgment was entered against Griswold for over $21,000 in arrearages, together with attorney's fees and costs. Griswold subsequently settled that judgment with his former wife for $16,000, and on May 20, 1976, he initiated the instant suit against Sorenson.

In the court below Sorenson contended that any action was barred by the statute of limitations and moved for summary judgment. The court denied the motion and this petition for mandamus ensued.

The main question before us is whether the trial court erred in denying petitioner's motion for summary judgment.

Jurisdictionally, petitioner is properly before this Court. There can be no appeal taken from denial of summary judgments. Smith v. Hamilton, 70 Nev. 212, 265 P.2d 214 (1953). The denial of summary judgment is reviewable by proceedings in mandamus. Laakonen v. District Court, 91 Nev. 506, 538 P.2d 574 (1975); NRAP 3A(b)(5).

Petitioner contends that summary judgment in his behalf is mandated because the action is barred by the statute of limitations. He premises his contention on the fact that the divorce decree was entered on December 11, 1968, and the complaint against him filed on May 20, 1976. His argument is that Griswold both had discovered the error on or about the date the divorce decree was filed and that Griswold was obligated by the

terms of the decree to pay alimony indefinitely and thus was damaged at that time. Griswold argues, however, that while he in fact brought the error in the decree to Sorenson's attention, he did not discover Sorenson's failure to correct the error until approximately June 1, 1973 and suffered no damage until the adverse court judgment on October 21, 1975.

The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) the breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury, and (4) actual loss or damage resulting from the professional's negligence. *Prosser Law of Torts,* § 30 at 143 (4th ed. 1971); Budd v. Nixen, 491 P.2d 433 (Cal. 1971). The rule followed in many jurisdictions is that the statute of limitations begins to run from the time of the occurrence of the neglect or omission complained of, based upon the lawyer's breach of his duty to exercise a reasonable degree of skill in conducting his client's business. *See,* Annot. 18 ALR3d 978. We believe that a fairer rule, which we now adopt, has developed in California which will have the effect in most cases of avoiding the pitfall for the unwary. The Code of Professional Responsibility demands no less of the Bar.[1]

In Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 491 P.2d 421 (Cal. 1971), the California Supreme Court noted that causes of action for legal malpractice sound both in contracts and torts. While an action for breach of contract is subject to a statute of limitations commencing immediately upon commission of acts constituting the breach, an action for negligence "does not accrue until the client discovers, or should discover, the facts establishing the elements of his cause of action." *Id.* at 433. The court further stated that "[m]alpractice in the legal field usually causes damage to intangible property interests." *Id.* at 424.

In the companion case of *Budd, supra,* the California Supreme Court further refined the applicability of the statute of limitations in legal malpractice cases sounding in tort. There the Court held that a "cause of action in tort does not accrue until the client *both* sustains damage, and discovers, or should

---

[1]Canon 6, American Bar Association Code of Professional Responsibility, reads "a lawyer should represent a client competently." It is adopted in Nevada by Rule 203, Supreme Court Rules. Additionally, Disciplinary Rule 6-101(A)(3), American Bar Association Code of Professional Responsibility, reads: "(A) A lawyer shall not: (3) Neglect a legal matter entrusted to him."

discover, his cause of action." (Emphasis supplied.) 491 P.2d at 438. Such prerequisites to the triggering of a statute of limitations in a legal malpractice case are reasonable since the attorney is versed in substantive, as well as procedural, law, and the client has the right to rely upon his expertise.[2]

The instant case, therefore, involves determining the actual date of any appreciable damage and discovery of those damages, and the application of the appropriate statute of limitations. *See,* Annot. 18 ALR3d 978.

The applicable statute of limitations, of course, generally depends upon whether the cause of action imposing liability sounds in contract or tort. If the theory of recovery rests upon breach of a written contract, the six-year statute of limitations provided in NRS 11.190(1)(b) would begin to run at the moment of breach, and the limitation period has elapsed. Here, however, the cause of action sounds in tort for interference with intangible property interests. In Nevada, since we have no statute of limitations expressly governing actions to redress wrongs to this type intangible property interest, we are relegated to NRS 11.190(2)(c) which provides a four-year statute of limitations for any "action upon a contract, *obligation* or *liability* not founded upon an instrument in writing." (Emphasis supplied.)

Here, however, whether the precise act which triggered the statute of limitations was the denial of credit or the actual judgment of arrearages, is immaterial as the case was filed within the limitations period for both the credit problem and the judgment.

The petition for writ of mandamus is denied.

MOWBRAY and THOMPSON, JJ., concur.

GUNDERSON, J., concurring:

I concur in the legal determination articulated by our brother MANOUKIAN, i.e., that a cause of action for malpractice accrues when a client both sustains damage, and discovers or

---

[2]California has since *Neel & Budd* enacted a specific lawyer malpractice statute. California Code of Civil Procedure § 340.6 in relevant part provides that:

(a) An action against an attorney for a wrongful act or omission . . . arising in the performance of professional services shall be commenced within one year *after the plaintiff discovers, or through the use of reasonable diligence should have discovered,* the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years *except* that the period shall be tolled during the time that any of the following exist:

(1) *The plaintiff has not sustained actual injury;* . . . . (Emphasis supplied.)

should discover his cause of action. I consider this holding socially as well as legally sound, since it should operate to spread the cost of oversights, which occur with all practitioners, evenly over all users of professional services—rather than imposing heavy and possibly destructive losses on those users of professional services who discover damage only after a substantial period of time.

Although our holding may seem harsh, professional practitioners may purchase malpractice insurance, to protect both themselves and those they serve from loss by reason of mistakes and oversights. Most careful practitioners do so, and pass the premium cost of such insurance to their clients in their fees, so that a pool to defray losses is thereby created with the consumers' funds. This court already has held that a professional liability policy is a contractual asset, calling for the payment of money, to which the consumer may obtain access—even through a "subsequent" general administration, if necessary, after the practitioner's death and probate of her estate. *See* Kotecki v. Augusztiny, 87 Nev. 393, 487 P.2d 925 (1971).

It is, I think, essential to legal and logical symmetry that this court recognize and apply a statute of limitations consistent with our holding in *Kotecki,* i.e., that until such time as the cause of action should have been discovered, the statute of limitations does not begin to run against a consumer's right to proceed against either a negligent professional practitioner, or his estate, thereby seeking access to the risk-sharing pool the consumer indirectly contributed to through payment of fees. *Cf.* Kirtland v. Tri-State Insurance Company, 556 P.2d 199 (Kan. 1976).

BATJER, C. J., dissenting:

Although I agree that a proceeding in mandamus will lie to review an order denying summary judgment, I respectfully dissent from the remainder of the majority opinion. Three critical points of time are here involved. The first, December 12, 1968, the day of the negligent act, when the errant decree was allowed to be entered. The next was shortly thereafter when Thomas N. Griswold received a copy of the decree, discovered the error and brought it to petitioner's attention; and the third was December 13, 1969, the day after Griswold's obligation to pay $3,600 in alimony terminated and the damage commenced.

When the resulting injury occurred on December 13, 1969, the statute of limitation commenced to run and the action by Griswold against the petitioner, filed on May 20, 1976, should be necessarily barred. NRS 11.190(2)(c). Denzer v. Rouse, 180 N.W.2d 521 (Wis. 1970).