**Kevin REYNOLDS, et al., Plaintiffs,**

v.

**Charles WOLFF, et al., Defendants.**

**No.  CV–N–94–549–ECR.**

United States District Court,
D. Nevada.

Feb. 12, 1996.

Donald York Evans, Reno, Nevada, for plaintiffs.

Karl W. Armstrong, Deputy Attorney General, Litigation Division, Las Vegas, Nevada, for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Kevin Reynolds and David Staude (hereafter "Plaintiffs") filed a complaint (# 1) pursuant to 42 U.S.C. § 1983 alleging the violation of their constitutional rights. Plaintiffs are represented by private counsel. Plaintiffs have twice been granted leave to amend their complaint. Pending is plaintiffs' Second Amended Complaint (# 25), which names Charles Wolff, Zoetta Waggener, Curt Sundell and Barbara Jirak as defendants. Defendants renewed their previously filed Motion to Dismiss in regard to the second amended complaint (# 24). Pursuant to a stipulation between the parties, the motion has been converted to a Rule 56 motion for summary judgment by the filing of evidence with the opposition and reply briefs. Defendants were previously directed to supplement their reply brief and have now complied.

### I. *Background.*

On November 16, 1990, disciplinary reports were written charging plaintiffs with violations of prison regulations regarding murder, conspiracy and violation of a local, state or federal law. The plaintiffs were served with notices of charges shortly thereafter. Disciplinary hearings were held on October 25, 1991. The disciplinary committee at each hearing was comprised of defendants Waggener, Sundell and Jirak. The Committee found plaintiffs guilty of all charges and imposed sanctions of fifteen days disciplinary detention, seventy-two months disciplinary segregation and recommended the loss of statutory good time credits. Plaintiffs' opposition to the pending motion to dismiss/motion for summary judgment indicates that statutory good time credits were eventually revoked from each plaintiff.

Plaintiffs contend that defendant Wolff instructed the disciplinary committee members to find plaintiffs guilty of the charges, regardless of what evidence was presented. Counts I through IV allege the violation of plaintiffs' due process rights under the Fourteenth Amendment. Count V alleges deliberate indifference to plaintiffs' constitutional rights by defendants Waggener, Sundell and Jirak for failing to report defendant Wolff's misconduct to the authorities. Count VI al-

leges the intentional infliction of emotional distress. Finally, Count VII alleges that plaintiffs are entitled to punitive damages.

## II. *Motion for Summary Judgment.*

■ As discussed herein, the parties previously stipulated to conversion of the motion to dismiss to a motion for summary judgment. Summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982). Once the movant presents evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir.1982).

■ When faced with a motion for summary judgment, the material before the court "must be viewed in the light most favorable to the [non-moving] party," *Adickes v. S.H.*

*Kress and Co.*, 398 U.S. at 157, 90 S.Ct. at 1608, and it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Halet v. Wend Investment Co.*, 672 F.2d 1305 (9th Cir.1982). Furthermore, allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Finally, summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Celotex Corp. v. Catrett, supra.*

Defendants argue that they are entitled to summary judgment because plaintiffs claims are barred by the statute of limitations. Alternatively, defendants argue that plaintiffs' claims are meritless because, pursuant to the recent United States Supreme Court decision in *Sandin v. Conner*, —— U.S. ——, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), there is no protected liberty interest in prison disciplinary procedures.

### A. *Statute of Limitations.*

■ Defendants contend that plaintiffs' complaint is barred by the statute of limitations, in that it challenges conduct that occurred in October 1991 and the complaint was not filed until August 12, 1994. Plaintiffs respond that the statute of limitations did not begin to run until they learned of the violations by defendants in November 1993.

■ It is well established that the applicable statute of limitations for § 1983 claims is the state statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Nevada, personal injury claims are subject to a two year statute of limitations. Nev.Rev.Stat. § 11.190(4)(e). It is also well established that state law determines the application of tolling doctrines. *Hardin v. Straub*, 490 U.S. 536, 543–544, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995). The Nevada Supreme Court has recognized that the statute of limitations may be tolled pursuant to the "discovery rule":

An exception to the general rule has been recognized by this court and many others in the form of the so-called "discovery rule." Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action. See, e.g. *Sorenson v. Pavlikowski*, 94 Nev. 440, 443–444, 581 P.2d 851, 853–854 (1978) (in legal malpractice action, cause of action accrues when plaintiff sustains damage and discovers, or should discover, his cause of action); *Prescott v. United States*, 523 F.Supp 918, 940–941 (D.Nev.1981) ("Plaintiff who relies upon this delayed discovery rule must plead facts justifying delayed accrual of his action. The complaint must allege: (1) the time and manner of discovery, and (2) the circumstances excusing delayed discovery.") aff'd., 731 F.2d 1388 (9th Cir.1984); *Fidler v. Eastman Kodak Co.*, 714 F.2d 192 (1st Cir.1983); *Raymond v. Eli Lily [Lilly] & Co.*, 117 N.H. 164, 371 A.2d 170 (1977).

*Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18 (1990). Plaintiffs contend that they did not learn of defendant Wolff's orders to the disciplinary committee until November 4, 1993, when defendant Waggener testified at plaintiff Staude's state criminal trial.[1] The transcript attached to plaintiffs' motion to dismiss supports this contention and is sufficient to toll the statute of limitations.[2]

### B. *State Created Liberty Interest.*

■ This court previously applied the due process analysis established in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), when an inmate challenged the revocation of good time credits. *See Layton v. Wolff*, 516 F.Supp. 629 (1981) and *Pella v. Adams*, 638 F.Supp. 94 (1986). Pursuant to *Wolff*, when an inmate faces the loss of a protected liberty interest, the Constitution requires that he receive the following due process protections. First, the inmate must receive an adequate, written notice of the charges. *Id.* at 564, 94 S.Ct. at 2978–79. Second, he must receive this written notice at least 24 hours before his hearing. *Id.* Third, he must have an opportunity, as limited by safety needs or correctional goals, to call witnesses and present documentary evidence in his defense. *Id.* at 566, 94 S.Ct. at 2979–80. Fourth, the factfinder must make a written record of the evidence relied upon and the reasons for the disciplinary action taken. *Id.* at 563–72, 94 S.Ct. at 2978–82. This written record must show that the disciplinary committee's findings were based on some evidence. *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985). Fifth, where circumstances warrant, an inmate should receive the help of an inmate or staff member. *Wolff*, 418 U.S. at 570, 94 S.Ct. at 2981.

In *Sandin v. Conner*, —— U.S. ——, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), the United States Supreme Court addressed whether the Due Process Clause of the Fourteenth Amendment conveyed a liberty interest in particular prison regulations *independent* of a state created liberty interest. The Supreme Court concluded that ordinarily it does not. *Id.* The Court also addressed the circumstances under which a state-created liberty interest will be found. *Id.* The Court concluded that:

The time has come to return to the due process principles we believe were correctly established and applied in Wolff and Meachum. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. *See also, Board of Pardons v. Allen*, 482 U.S. 369 [107 S.Ct. 2415, 96 L.Ed.2d 303] (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, *see e.g., Vitek*, 445 U.S. at 493, 100 S.Ct. at 1264 (transfer to mental hospital),

---

1. Apparently, state criminal charges were brought against plaintiff Staude regarding the same incident for which the disciplinary charges were brought.

2. At plaintiff Staude's trial, defendant Waggener testified that Warden Wolff refused to provide her with institutional reports regarding the incident and instructed her to find Staude guilty without regard to the evidence presented. (# 26 at Exh. B, p. 5–6.)

and *Washington* [*v. Harper,*] 494 U.S. [210] at 221–222 [110 S.Ct. 1028 at 1036–37, 108 L.Ed.2d 178] (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.*

◼ In light of the *Sandin* decision, some clarification is needed regarding whether the Nevada statute providing for the accumulation of good time credits creates a protectible liberty interest that triggers the need for the due process protections established in *Wolff.*[3] Our analysis is guided by the recent Ninth Circuit decision in *Gotcher v. Wood,* 66 F.3d 1097, 1100 (9th Cir.1995). In *Gotcher,* a Washington state inmate brought a § 1983 action claiming that the revocation of good time credits and imposition of disciplinary segregation constituted violations of his due process rights. To determine whether the Washington statute conferred a protected liberty interest in the accumulation of good time credits, the Ninth Circuit held that *Sandin* dictates a return to the analysis applied by *Wolff,* in which the focus is whether the state has created a right of "real substance". *Id.* at 1100 ("this case falls squarely under *Wolff,* which the Supreme Court noted in *Sandin* 'correctly established and applied' due process principles in the prisoner liberty interest context.") The Court then found that the Washington statute was indistinguishable from the statute at issue in *Wolff* which was found to confer a liberty interest.[4]

The Nevada statute at issue in this case provides:

> *Every offender* who is sentenced to prison after June 30, 1969, for a crime committed before July 1, 1985, who has no serious infraction of the regulation of the department, the terms and conditions of his residential confinement, or the laws of the state recorded against him, and who performs in a faithful, orderly and peaceable

manner the duties assigned to him, *must be allowed* . . . a deduction of 2 months for each of the first 2 years, 4 months for each of the next 2 years, and 5 months for each of the remaining years of the term . . .

N.R.S. § 209.443(1) (emphasis added). Like the statutes at issue in *Wolff* and *Gotcher,* the Nevada statute creates the *right* to good time credits unless the inmate has committed serious misbehavior. The court finds that in enacting N.R.S. § 209.443(1), the State of Nevada created a right of "real substance." Therefore, the procedural protections established in *Wolff* must be provided whenever good time credits are revoked as part of an inmate's punishment.

◼ The only procedural protection that petitioners contend they were denied is the requirement that the written record indicate the disciplinary committee's findings were based upon some evidence. The written findings of the committee in plaintiff Staude's case indicate that the committee relied upon the "officer's report." The written finding of the committee in plaintiff Reynold's case indicates that it relied upon "officers testimony." Therefore, Counts I through IV, alleging the violation of due process are without merit and summary judgment shall be granted for defendants on said counts.

Defendants have presented no argument regarding Counts V, VI or VII. Therefore, consideration of these claims is not appropriate at this time.

IT IS, THEREFORE, HEREBY OR-DERED that defendant's renewed Motion to Dismiss (# 24) is converted to a Rule 56 motion for summary judgment by the filing of affidavits and/or evidence and is *GRANT-ED.* The parties shall have thirty (30) days to file dispositive motions addressing the remaining claims.

---

3. This decision examines only whether there is a state created liberty interest in the accumulation of good time credits pursuant to NRS 209.443(1). The court has previously determined that Nevada statutes do not create such a liberty interest in the accumulation of work credits. *See Cooper v. Sumner,* 672 F.Supp. 1361 (1987) and *Neal v. Hargrave,* 770 F.Supp. 553 (1991).

4. Both the Washington and Nebraska statutes provided inmates the right to statutory good time and that the time would be forfeited only for serious misbehavior. *Gotcher* at 1100.