*544 MEMORANDUM *
Dennis Buonanoma, a white male born in July 1947, appeals from the district court’s grant of summary judgment in favor of his former employer, Sierra Pacific Power Co. (“SPPC”), on his claims of age, gender, and racial discrimination. In addition, his attorney, Anne M. Vohl, appeals from a sanction order requiring her to pay $3,500 and to attend ten hours of continuing legal education. We vacate the grant of summary judgment on Buonanoma’s claims of age and gender discrimination, affirm the grant of summary judgment on his claim of race discrimination, and affirm the district court’s sanction order.[1]
I
We review an order granting summary judgment de novo. Diaz v. Eagle Produce Ltd. P’ship, 521 F.3d 1201, 1207 (9th Cir.2008). In this employment discrimination case, we address the plaintiffs burden to raise a triable issue of fact as to pretext under the burden-shifting regime set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In Noyes v. Kelly Services, 488 F.3d 1163, 1168 (9th Cir.2007), we explained:
In the summary judgment context, the plaintiff bears the initial burden to establish a prima facie case of disparate treatment. Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1123 (9th Cir.2000). If the plaintiff succeeds in showing a prima facie case, the burden then shifts to the defendant to articulate a “legitimate, nondiseriminato-ry reason” for its employment decision. Id. at 1123-24. Should the defendant carry its burden, the burden then shifts back to the plaintiff to raise a triable issue of fact that the defendant’s proffered reason was a pretext for unlawful discrimination. Id. at 1124.
Buonanoma made a prima facie showing of age discrimination by presenting ' evidence that he is over forty, was competent, and was replaced by a younger employee. See Enlow v. Salem-Keizer Yellow Cab Co. Inc., 389 F.3d 802, 812 (9th Cir.2004). SPPC offered his poor performance as a non-discriminatory reason for his removal from the Team Leader position. Buonanoma offered circumstantial evidence that this reason was pretextual including: (a) seventeen years of prior service at SPPC; (b) evidence that his supervisor had thought he was not qualified to be a Team Leader before he was appointed as Team Leader; (c) a course of treatment by management that arguably mirrors an improper method for disposing of older workers; (d) evidence that from the time he was appointed Team Leader, his supervisor kept a file on him arguably in anticipation of firing him; (e) evidence that his supervisor continued to be dissatisfied with Buonanoma even after he received a satisfactory evaluation; (g) evidence that his supervisor misled Buonanoma concerning the time of the “anthrax meeting”; and (h) evidence that even during his last six months at SPPC he performed useful work. This circumstantial evidence is sufficiently “specific and substantial” to defeat SPPC’s motion for summary judgment, as it raises material questions of fact concerning SPPC’s reason for terminating his employment. See Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1095 (9th Cir.2005); see also Eagle Produce, *545 521 F.3d at 1207 (noting that summary judgment is “inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party’s favor”).
Although Buonanoma was initially replaced by a person who was only five years younger than he was, the district court recognized that the Ninth Circuit has not adopted a standard for substantial age difference. See Douglas v. Anderson, 656 F.2d 528, 533 (9th Cir.1981) (“If the replacement is only slightly younger than the plaintiff, then it is less likely that an inference of discrimination can be drawn. However, replacement by even an older employee will not necessarily foreclose pri-ma facie proof if other direct or circumstantial evidence supports an inference of discrimination.”). Here, the district court did not consider Buonanoma’s proffered circumstantial evidence: that the person who replaced him was then replaced by an even younger employee. Accordingly, we conclude that there are material issues of fact that preclude a grant of summary judgment against Buonanoma on his age discrimination claim.
We also conclude that the grant of summary judgment against Buonanoma on his gender discrimination claim must be vacated. The district found that because Buonanoma was replaced by a woman he had established the last element of his prima facie ease, but it granted summary judgment on the ground that Buonanoma had not shown that SPPC’s reason for terminating his employment was a pretext. Our reasons for determining that Buonanoma has raised material issues of fact concerning SPPC’s reason for terminating him are applicable to his gender discrimination claim as well as his age discrimination claim. Accordingly, the grant of summary judgment against Buonanoma on his gender discrimination claim must be vacated.
We affirm, however, the district court’s grant of summary judgment against Buonanoma on his claim of racial discrimination. The district court properly found that Buonanoma had failed to show that other similarly situated employees not in his protected class were given different treatment. See Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 660 (9th Cir.2002) (noting that the plaintiff “must present evidence that similarly situated non-white individuals were treated more favorably”).
II
Sanctions under Federal Rule of Civil Procedure 11 are reviewed for abuse of discretion. Holgate v. Baldwin, 425 F.3d 671, 675 (9th Cir.2005). “Abuse of discretion may be found if the district court based its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.” Id.
In a Second Motion for Leave to Amend Complaint, counsel sought to allege causes of action for fraud, defamation, and legal malpractice against SPPC’s attorney, Mikesell, based on the submission of misleading materials to the Equal Employment Opportunity Commission. The district court determined that the first two claims were barred by the Nevada attorney litigation privilege. See Circus Circus Hotels v. Witherspoon, 99 Nev. 56, 60-61, 657 P.2d 101 (1983) (reiterating the “longstanding common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of controversy”); Fink v. Oshins, 118 Nev. 428, 433, 49 P.3d 640 (2002) (noting that “the privilege applies not only to communications made *546 during actual judicial proceedings, but also to communications preliminary to a proposed judicial proceeding”) (internal quotation marks omitted). With respect to the legal malpractice claim, the district court determined that Buonanoma did not have an attorney-client relationship with Mike-sell, that Mikesell owed him no legal duty, and that there was no actual loss or damage. See Sorenson v. Pavlikowski, 94 Nev. 440, 443, 581 P.2d 851 (1978) (stating the “elements of a cause of action in tort for professional negligence”). The district court further determined that there was no objectively good reason for asserting the proposed causes of action against Mikesell, and that they were asserted for the improper purpose of removing Mike-sell as SPPC’s counsel.
Counsel has failed to show that the district court held an “erroneous view of the law” or that the district court engaged in a “clearly erroneous assessment of the evidence.” Accordingly, we decline to disturb the sanction order.
For the forgoing reasons, the grants of summary judgment on Buonanoma’s claims for age and gender discrimination are VACATED, the grant of summary judgment on Buonanoma’s claim for race discrimination is AFFIRMED, and the sanction order against Buonanoma’s attorney is AFFIRMED (06-16160).
Each party shall bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of the case, we repeat them here only as necessary.