# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2606

_____

Brian Ridenour,                  *

                                *

        Appellant,        *   Appeal from the United States

                                *   District Court for the

v.                           *   District of Minnesota.

                                *

Boehringer Ingelheim Pharmaceuticals,  *

Inc., Pfizer, Inc., Pharmacia        *

Corporation, and Pharmacia & Upjohn  *

Company, LLC,              *

                                *

        Appellees.        *

_____

Submitted:  March 13, 2012
Filed: May 31, 2012

_____

Before MURPHY and GRUENDER, Circuit Judges, and ROSS,[1] District Judge.

_____

ROSS, District Judge.

Brian Ridenour filed suit against Boehringer Ingelheim Pharmaceuticals, Inc., Pfizer, Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company, LLC (collectively, "BIP") alleging tort claims based upon BIP's marketing and sales of pramiprexole, a drug commonly prescribed as "Mirapex". Ridenour took Mirapex

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri, sitting by designation.

from 2002 to 2007 to treat symptoms of Restless Leg Syndrome. Ridenour alleges that his use of Mirapex caused compulsive behaviors, such as gambling and hypersexuality. BIP moved for summary judgment, which the district court[2] granted. Ridenour appeals, and we affirm.

I.

In December 2002, while Ridenour was living in Maryland, his physician, Jamal F. Ali, M.D., began Ridenour on a therapeutic trial of Mirapex. In mid-2003, Ridenour and his wife moved to Las Vegas, Nevada. Ridenour's new physician, William Gramlich, M.D., continued his Mirapex regimen until October 22, 2007.

Ridenour alleges that from 2003 to 2007, Mirapex caused him to engage in compulsive behaviors, including excessive drinking, sexual thoughts and gambling. In October 2007, Ridenour saw a television advertisement regarding potential side effects of Mirapex. On October 22, 2007, Ridenour mentioned to Dr. Gramlich that he was experiencing compulsive behaviors and "thought" they might be due to Mirapex. Dr. Gramlich's office note from this visit stated: "Patient in for follow-up. Says he is having side effects from Mirapex. All sorts of compulsive behavior--Not at all clear this is related, but will dc the Mirapex for RLS and switch to requip." Dr. Gramlich testified that his office note accurately reflected his real time communications with Ridenour. Ridenour claims that Dr. Gramlich advised him that there was no link between Mirapex and Ridenour's compulsive behaviors.

In October or November of 2009, Ridenour saw a television advertisement by a personal injury attorney regarding the connection between Mirapex and compulsive

_____

[2]The Honorable Michael J. Davis, Chief Judge, United States District Judge for the District of Minnesota.

-2-

behaviors. After viewing this advertisement, Ridenour contacted law firms regarding his potential claim.

On March 8, 2010, Ridenour filed a lawsuit in the Eastern District of Texas alleging claims for strict liability (design, manufacturing, and warning), breach of express and implied warranties, negligence, negligence per se (violations of 21 U.S.C. §§331, 352 and 21 C.F.R. §§201.56, 201.57, 202.1), negligent misrepresentation, and violation of the Texas Deceptive Trade Practice Act, Tex. Bus. & Com. Code Ann. §§17.01, *et seq*. The action was transferred to the District of Minnesota on April 6, 2010, as part of the multi-district litigation. Ridenour amended his complaint on March 2, 2011, to eliminate the Texas Deceptive Trade Practices Act claim and add claims for violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§13-101, *et seq*., and the Nevada Deceptive Trade Practices Act, Nev.Rev.Stat. §§598.0903, *et seq*.

BIP moved for summary judgment before Magistrate Judge Franklin L. Noel, asserting the claims were barred by a two-year statute of limitations for personal injury actions, Nev.Rev.Stat. §11.190(4)(e).[3] The parties agreed that the applicable statute of limitations period for all Ridenour's claims, with the exception of his strict liability claim, was two years. In his Report and Recommendation, Magistrate Judge Noel recommended granting BIP's motion based upon the two-year statute of limitations bar. In his objections to the Report and Recommendation, Ridenour argued, for the first time, that Magistrate Judge Noel "incorrectly applie[d] a two-year limitations period to all of [Ridenour's] causes of action, while certain of them are actually governed by either a three or four-year statute of limitations." Ridenour also objected that Magistrate Judge Noel "erroneously applied a two-year limitations period to [Ridenour's] defective pharmaceutical products liability claim, despite the

_____

[3]Nev.Rev.Stat. §11.190(4)(e) provides for a two-year limitations period to bring "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another."

fact that Nevada law mandates a plaintiff be allowed four years to file a lawsuit that concerns a defective pharmaceutical products liability claim."

The district court adopted the magistrate judge's Report and Recommendation and granted summary judgment. The district court held that Ridenour could not raise new arguments regarding the longer statutes of limitations for the first time in his objections and there was no excuse for the procedural default in this case. Moreover, the district court noted that even if it were to consider Ridenour's new arguments, the arguments would fail on the merits because Nevada's two-year statute of limitations applied.[4]

Ridenour appeals the adverse grant of summary judgment and argues that the district court's decision should be reversed and remanded.

II.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Quinn v. St. Louis County, 653 F.3d 745, 750 (8th Cir. 2011); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rynders v. Williams, 650 F.3d 1188, 1194 (8th Cir. 2011); Taylor v. St. Louis County Bd. of Election Comm'rs, 625 F.3d 1025, 1026 (8th Cir. 2010)(per curiam).

---

[4]The district court also noted that the preclusive effect of Ridenour's bankruptcy proceedings "likely" would bar Ridenour's claims. Ridenour had filed a Voluntary Petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Nevada on July 1, 2009. Ridenour's bankruptcy petition did not mention any potential causes of action against BIP as contingent or unliquidated claims. The bankruptcy court discharged Ridenour's debt on October 19, 2009.

In its motion for summary judgment, BIP argued that Ridenour's causes of action began to accrue in October 2007, and thus the claims were barred by the two-year statute of limitations. In response, Ridenour asserted that his causes of action did not begin to accrue until October or November of 2009, when he saw a television advertisement and researched his claims.

The parties do not dispute that the law of Nevada applies to Ridenour's claims, with the exception of his claim under the Maryland Consumer Protection Act. The Nevada Supreme Court has held that "[t]he general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Petersen v. Bruen, 792 P.2d 18, 20 (Nev. 1990)(citing Nelson v. A.H. Robbins Co., 515 F.Supp. 623, 625 (N.D. Cal. 1981)); Bemis v. Estate of Bemis, 967 P.2d 437, 440 (Nev. 1998). An exception to this general proposition is the "discovery rule," whereby the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action. Petersen,792 P.2d at 20 (citing Sorenson v. Pavlikowski, 581 P.2d 851, 853-54 (Nev. 1978)); Bemis, 967 P.2d at 440 (holding that there was no evidence to suggest appellants had any knowledge that would have put them on "inquiry notice" to investigate claims they may have had against their father prior to his death); Massey v. Litton, 669 P.2d 248, 251 (Nev. 1983)("This rule has been clarified to mean that the statute of limitations begins to run when the [plaintiff] has before him facts which would put a reasonable person on inquiry notice of his possible cause of action[.]"). "The focus is on the [plaintiff's] knowledge of or access to facts rather than on her discovery of legal theories." Massey, 669 P.2d at 252. "In a discovery based cause of action, a plaintiff must use due diligence in determining the existence of a cause of action." Bemis, 967 P.2d at 440 (citing Sierra Pacific Power Co. v. Nye, 389 P.2d 387, 390 (Nev. 1964)); Massey, 669 P.2d at 252 (a plaintiff "discovers his legal injury when he knows or, through the use of reasonable diligence, should have known of facts that would put a reasonable person on inquiry notice of his cause of action").

-5-

Ridenour alleges that he first became aware of his claim when he viewed the personal injury attorney's television advertisement in October or November 2009. The undisputed evidence before the district court, however, indicates that Ridenour became aware of facts supporting a cause of action related to his use of Mirapex in October 2007.

Ridenour alleges that he began experiencing compulsive behaviors in 2003. Sometime in October 2007, Ridenour claims that he saw a television advertisement noting a possible link between Mirapex and compulsive behaviors. After seeing the advertisement, Ridenour told Dr. Gramlich he was experiencing compulsive behaviors and "thought" they might be due to Mirapex. Dr. Gramlich ordered Ridenour to discontinue his use of Mirapex.

These facts should have put Ridenour on inquiry notice that he had a possible cause of action related to his use of Mirapex in October 2007. Massey, 669 P.2d at 251-52. Although Ridenour claims that he did not understand the significance of these facts, he clearly was cognizant enough to ask his physician about a possible relationship between Mirapex and his compulsive behaviors. Given the facts of which Ridenour was aware, he had a duty under Nevada law to investigate his potential claims. A reasonable inquiry by Ridenour in late 2007 would have resulted in him learning of a body of scientific research regarding a potential link between Mirapex and compulsive behaviors, as well as a significant number of lawsuits regarding the same. Thus, the district court correctly determined that Ridenour's claims accrued as of October 2007, and thus the statute of limitations period began to run at that time.

We next turn to Ridenour's claim that several of his claims are governed by a statute of limitations period in excess of two years.[5] With the exception of the strict liability claim, the Court does not need to address Ridenour's argument that longer statute of limitations periods apply because he waived this argument on two occasions.

As previously discussed, Ridenour averred before the magistrate judge that the two-year statute of limitations applied to each of his claims, except the strict liability claim. In his objections to the magistrate judge's Report and Recommendation, however, Ridenour argued that longer statute of limitations periods applied to "certain" of his claims. We hold that Ridenour waived his right to argue that a longer statute of limitations period applied to his claims when he did not raise this argument before the magistrate judge.

Ridenour was required to present all of his arguments to the magistrate judge, lest they be waived. When a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, "'a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review.'" Madol v. Dan Nelson Auto. Group, 372 F.3d 997, 1000 (8th Cir. 2004)(quoting Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000)); Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006)("A party cannot, in his objections to an R&R, raise arguments that were not clearly

_____

[5]Specifically, Ridenour asserts in his brief that violations of the Nevada Deceptive Trade Practices Act are governed by a four-year limitations period under Nev.Rev.Stat. §11.190(2)(d); that UCC express and implied warranty claims are governed by a four-year limitations period under Nev.Rev.Stat. §11.220; that negligence per se claims (pursuant to violations of 21 U.S.C. §§331, 352 and violations of 21 C.F.R. §§201.56, 201.57 and 202.1) are limited by a three-year limitations period under Nev.Rev.Stat. §11.190(3)(a); and that violations of the Maryland Consumer Protection Act are governed by a three year limitations period under Md. Code Ann., Cts. & Jud. Proc., §5-101.

presented to the magistrate judge."). We have held that the "'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court.'" Roberts, 222 F.3d at 470 (quoting Reciprocal Exch. v. Noland, 542 F.2d 462, 464 (8th Cir. 1976)); Borden v. Secretary of Health & Human Services, 836 F.2d 4, 6 (1st Cir. 1987)(Given that the purpose of the Federal Magistrate Act is to relieve the courts of unnecessary work, it "would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate."). Just as parties cannot present arguments to the appellate court that they did not raise before to the district court, "[p]arties must take before the magistrate, 'not only their "best shot" but all of their shots.'" Borden, 836 F.2d at 6 (quoting Singh v. Superintending School Committee, 593 F. Supp. 1315, 1318 (D. Me. 1984)). The district court properly refused to consider Ridenour's argument that longer statute of limitations periods applied to his claims because this argument was not presented first to the magistrate judge.

Ridenour again waived his statute of limitations argument when he failed to appeal the district court's waiver ruling. Here, Ridenour appeals the district court's decision to apply a two-year limitations period to every cause of action. Ridenour, however, does not appeal the district court's explicit finding that he waived the statute of limitations argument by not raising it before the magistrate judge. Ridenour, therefore, cannot argue that longer statutes of limitations periods should apply because he did not appeal the district court's determination that he waived this argument. Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011)(appellant did not challenge the district court's conclusion that she failed to exhaust her administrative remedies by not checking the boxes for "sex" and "disability" and, as a result, she waived any challenge on that basis).

Accordingly, we need not address Ridenour's argument that his claims, with the exception of the strict liability claim, are governed by longer statute of limitations

periods. Ridenour has waived any argument that the longer statute of limitations periods apply because he did not raise this issue before the magistrate judge and did not appeal the district court's determination that he had waived his right to assert the longer statute of limitations periods.

Because his claims accrued as of October 2007 and he did not file this action until March 2010, Ridenour's claims for breach of express and implied warranties, negligence, negligence per se, negligent misrepresentation, and violation of the Maryland and Nevada consumer protection statutes were untimely. On this basis, we affirm the district court's grant of summary judgment on these claims.

The only issue remaining before us is the applicable statute of limitations period for Ridenour's strict liability claim. The district court held that Ridenour's strict liability claim was barred by Nevada's two-year statute of limitations for personal injuries. See Nev. Rev. Stat. § 11.190(4)(e). Ridenour argues that Nevada's catchall statute of limitations applies. See Nev. Rev. Stat. § 11.220 ("An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."). We agree with the finding of the district court.

In Campos v. New Direction Equipment Co., Inc., the United States District Court of Nevada held that the two-year statute of limitations applies to all personal injury actions, including strict liability actions. No. 2:08cv286-LRH-RJJ, 2009 U.S. Dist. LEXIS 7086, *7-8 (D. Nev. Jan. 16, 2009)(applying Nev. Rev. Stat. § 11.190(4)(e) to a strict liability action). The Campos court held that although a strict liability action does not require the "scienter" element common in many personal liability actions, it remains an action sounding in "tort" and, "by definition and its very nature, is a wrongful action." Id., at *7. The Nevada district court noted that a strict products liability action "is essentially a recognition that, notwithstanding a defendant's culpability, the act of putting an unreasonably dangerous product on the market is an ill, or wrong, for which society will require redress." Id., at *8.

Ridenour refers us to <u>Fisher v. Professional Compounding Ctrs. of Am., Inc.</u>, 311 F. Supp. 2d 1008 (D. Nev. 2004), which involved a strict liability claim against the makers of fen/phen. There, the Nevada district court applied the Nevada four-year "catch all" statute of limitations to a product liability case. <u>Id.</u> at 1017 (citing Nev.Rev.Stat §11.220). Unlike in <u>Campos</u>, however, the <u>Fisher</u> court did not provide any discussion or analysis regarding its application of the "catch all" provision, rather than the two-year statute of limitations period for personal injury actions. In addition, and as noted in <u>Campos</u>, the pronouncement in <u>Fisher</u> on this issue is not persuasive because it was not the district court's holding. In <u>Fisher</u>, the plaintiff learned of her injury only two months before filing suit and, accordingly, her claim would not have been barred under any of the potentially applicable statutes of limitations. <u>See</u> <u>Campos</u>, 2009 U.S. Dist. LEXIS 7086, at *6 ("whether the statute of limitations was four years (or even one year) was not necessary to the [<u>Fisher</u>] court's denial of summary judgment.").

Based upon the well-reasoned decision in <u>Campos</u>, we hold that Nevada's two-year personal injury statute of limitations period applies to Ridenour's strict liability claim. The district court properly concluded that Ridenour's strict liability claim was barred by the two-year statute of limitations, as it accrued in October 2007.

III.

We conclude that the district court properly granted summary judgment to BIP. Accordingly, we affirm the judgment of the district court.

_____

-10-