# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2395

_____

Mazen Abdel-Ghani

*Plaintiff - Appellant*

v.

Target Corporation

*Defendant - Appellee*

_____

No. 16-2397

_____

Mazen Abdel-Ghani

*Plaintiff - Appellant*

v.

MarketSource, Inc.

*Defendant - Appellee*

_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 8, 2017
Filed: May 5, 2017
[Unpublished]

_____

Before BENTON, BEAM, and MURPHY, Circuit Judges.

PER CURIAM.

Mazen Abdel-Ghani worked at a Target Mobile kiosk for a few months and then was discharged. He brought this action against Target Corporation and MarketSource, Inc., alleging that he had been discriminated against on the basis of various protected characteristics. The district court[1] granted summary judgment to the defendants, and we affirm.

I.

In 2013 Target partnered with MarketSource, Inc. and Brightstar U.S., Inc. as independent contractors to implement the Target Mobile program. Through that program customers could purchase mobile phone services at select Target stores. Abdel-Ghani, a Palestinian immigrant, was hired by MarketSource in August 2013 to work for the program. He began working at a Target Mobile kiosk in the Bloomington Target store in October 2013.

Abdel-Ghani had negative interactions with employees for both MarketSource and Target. Abdel-Ghani believed that the MarketSource sales manager at the Bloomington Target, Courtney Liebhard, was regularly under the influence of drugs or alcohol when she came to work. He reported this to the MarketSource human resources department. Liebhard believed that Abdel-Ghani was harassing her and acting inappropriately toward customers. Near the Thanksgiving holiday, the two got

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

into an argument about scheduling. Liebhard allegedly told Abdel-Ghani to "go back home, go to your country." Liebhard eventually complained about his conduct to the MarketSource district manager, Steve Varhol. Varhol instructed Liebhard to collect any complaints about Abdel-Ghani from Target employees and report them to him. Abdel-Ghani alleged that some of the Target employees called him names like camel jockey, Muslim, Arab, terrorist, and sand nigger, often from behind shelves in the employee backroom. He claims he heard such comments at least ten times during his two months working at the Bloomington Target.[2] He also claimed to have overheard another employee say "[y]ou should be rounded up in one place and nuke[d]."

Varhol suspended Abdel-Ghani from work in mid December and fired him five days later because of his issues with Liebhard, Target staff, and guests. Abdel-Ghani filed a charge of discrimination with the EEOC and later sued Target and MarketSource in state court, from which the cases were removed to federal court and consolidated. Abdel-Ghani then filed a second amended complaint which alleged that Target and MarketSource had violated Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Minnesota Human Rights Act.

Following discovery, Magistrate Judge Jeffrey J. Keyes issued a report recommending that the district court grant defendants' motions for summary judgment. He concluded that Target had neither employed nor jointly employed Abdel-Ghani, and that Abdel-Ghani had failed to establish a hostile work environment or that his discharge was retaliatory or because of his age or national origin. The district court adopted the recommendations over Abdel-Ghani's

_____

[2]We assume that Abdel-Ghani's later description of these comments as having been "continuous" is consistent with his prior statement that he heard them at least ten times over some two months. To the extent it may have differed, a plaintiff cannot create an issue of fact blocking summary judgment by contradicting his own prior statements. See Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 289 (8th Cir. 1988).

objections. Abdel-Ghani then appealed the district court's grant of summary judgment on his hostile work environment and national origin discrimination claims.

## II.

We review the district court's grant of summary judgment de novo. Al-Zubaidy v. TEK Indus. Inc., 406 F.3d 1030, 1036 (8th Cir. 2005). Summary judgment is proper if, viewing the evidence in the light most favorable to the nonmoving party, "there are no genuine issues of material fact" and the moving party is "entitled to judgment as a matter of law." Id. Abdel-Ghani first argues that the district court erred by concluding that he had not been employed or jointly employed by Target. We need not discuss this further because even if Target had been Abdel-Ghani's employer, both his hostile work environment claim and his discrimination claim fail as a matter of law, as discussed below.

## A.

Abdel-Ghani argues that the district court erred in determining that he failed to establish a hostile work environment under either Title VII or the Minnesota Human Rights Act. To establish a hostile work environment under either statute, Abdel-Ghani must show that he was subject to unwanted harassment that affected a term, condition, or privilege of his employment. Pye v. Nu Aire, Inc., 641 F.3d 1011, 1015 n.3, 1018 (8th Cir. 2011). This is a demanding standard—"conduct must be extreme to amount to a change in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). When determining "whether an environment is sufficiently hostile," courts consider the totality of the circumstances, "including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Id. at 787–88 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)).

-4-

Here, Abdel-Ghani has not alleged facts which show he was subjected to a hostile work environment by Target or MarketSource. Some of the approximately ten comments Abdel-Ghani heard in Target's backroom may have been "morally repulsive," but they were not physically threatening. Cf. Singletary v. Mo. Dep't of Corr., 423 F.3d 886, 892–93 (8th Cir. 2005) (concluding occasional use of racial epithets had not created a hostile work environment). The one physically threatening comment he overheard (referencing being nuked) was not said directly to him. See id. Furthermore, Abdel-Ghani has not shown that any of these comments interfered with his work performance. See Arraleh v. Cty. of Ramsey, 461 F.3d 967, 979 (8th Cir. 2006). We conclude that the record does not show he was subjected to a hostile work environment.

B.

Abdel-Ghani also argues that the district court erred by granting summary judgment on his claims of national origin discrimination.[3] Abdel-Ghani has failed to provide direct evidence that Varhol's decision to fire him was based on his national origin. See Schaffhauser v. United Parcel Serv., Inc., 794 F.3d 899, 902 (8th Cir. 2015). His discrimination claim must therefore be "analyzed under the burden-shifting analysis [used] in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P., 444 F.3d 961, 964 (8th Cir. 2006). Under this burden shifting framework, a plaintiff must first produce a prima facie case by showing facts giving "rise to an inference of discrimination." Takele v. Mayo Clinic, 576 F.3d 834, 838 (8th Cir. 2009). The burden then shifts to the employer to produce a legitimate, nondiscriminatory reason for the employment decision. Id.

---

[3]Abdel-Ghani asserts that he also pled a claim of race discrimination. He did not argue below, however, that he had sufficiently pled such a claim. We therefore decline to consider his racial discrimination claim on appeal. See Ridenour v. Boehringer Ingelheim Pharm., Inc., 679 F.3d 1062, 1066–67 (8th Cir. 2012).

Abdel-Ghani has failed to establish a prima facie case of discrimination "because the record does not show that [his] termination occurred under circumstances that would permit an inference of discrimination." See Price v. S-B Power Tool, 75 F.3d 362, 365 (8th Cir. 1996). There is no evidence that Varhol made any remarks about Abdel-Ghani's national origin at any time. Abdel-Ghani alleges that Liebhard was also involved in the termination decision. Even if that were true, however, the one statement she made about how Abdel-Ghani should go back home was "facially neutral as to national origin" and therefore did not "demonstrate animus on [her] part." See Guimaraes v. SuperValu, Inc., 674 F.3d 962, 974 (8th Cir. 2012). Abdel-Ghani has therefore failed to show that he was discriminated against on the basis of his national origin.

### III.

Accordingly, the judgment of the district court is affirmed.

_____